IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| BANKUNITED, N.A. and<br>BANKUNITED, INC., | §<br>§ |
| | § No. 47, 2026 |
| Plaintiffs Below, | § |
| Appellants, | § Court Below—Court of Chancery |
| | § of the State of Delaware |
| v. | § |
| | § C.A. No. 2025-0956 |
| BRETT SHULICK, MAGDALENA | § |
| GROCHOLA, ANTHONY | § |
| KURCHE, KYLE HARRIS, | § |
| BRENDAN ROONEY, and | § |
| CUSTOMERS BANK, | § |
| | § |
| Defendants Below, | § |
| Appellees. | § |

Submitted: February 3, 2026
Decided: April 1, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

After consideration of the notice and supplemental notice of appeal from an interlocutory order and the exhibits, it appears to the Court that:

(1) The individual defendants below-appellees (the "Individual Defendants") are former senior leaders of the National Title Solutions division ("NTS") of plaintiffs below-appellants BankUnited, N.A. and BankUnited, Inc. (together, "BankUnited"). The Individual Defendants moved to a competitor, defendant below-appellee Customers Bank, in August 2025. In this action,

BankUnited alleges that the Individual Defendants misappropriated BankUnited's confidential information and solicited clients and BankUnited employees in violation of nonsolicitation obligations in BankUnited's code of conduct and restricted stock agreements.

(2)   After a two-day evidentiary hearing, the Court of Chancery issued a memorandum opinion dated January 2, 2026 (the "PI Decision") that denied BankUnited's motion to preliminarily enjoin the defendants-appellees from soliciting BankUnited's employees and customers.[1]   The court found that BankUnited did not demonstrate that it was likely to succeed on the merits of its claims because, among other reasons, the nonsolicitation provisions were overbroad and unenforceable and the factual record did not support blue penciling them.

(3)   BankUnited filed an application for certification of an interlocutory appeal on January 16, 2026.  On January 23, 2026, BankUnited filed a motion acknowledging that the application had been filed four days late because counsel had calculated the filing deadlines under the Court of Chancery rules instead of the Supreme Court rules.  BankUnited sought a retroactive extension of the deadline. The appellees opposed the motion and the application for certification.  The Court of Chancery denied the extension motion, concluding that the deadline

---

[1] *BankUnited, N.A. v. Shulick*, 2026 WL 21637 (Del. Ch. Jan. 2, 2026).

miscalculation did not constitute good cause for an extension.[2] The court also stated that, even if the application were timely, the court would deny it on the merits. The court determined that the PI Decision decided a substantial issue as required by Supreme Court Rule 42(b)(i) but did not satisfy the Rule 42(b)(iii) criteria. Specifically, the court rejected BankUnited's arguments that decisions of the trial courts conflict on a question of law resolved by the decision[3] and that interlocutory review would serve considerations of justice.[4] The court also determined that the costs of an interlocutory appeal would outweigh any benefits.[5]

(4) In the exercise of our discretion,[6] and giving great weight to the trial court's view, we conclude that the interlocutory appeal should be refused. The application for certification was untimely because it was filed more than ten days after the Court of Chancery issued the PI Decision, and the appellants did not establish good cause to excuse their untimely application.[7] Moreover, BankUnited

---

[2] *BankUnited, N.A. v. Shulick*, 2026 WL 264829 (Del. Ch. Feb. 2, 2026). Westlaw indicates that the date of this decision was January 2, 2026, but the Court of Chancery entered the order on February 2, 2026.

[3] Del. Supr. Ct. R. 42(b)(iii)(B).

[4] *Id.* R. 42(b)(iii)(H).

[5] *Id.* R. 42(b).

[6] *Id.* R. 42(d)(v).

[7] *See id.* R. 42(c)(i) (providing that the application for certification "shall be served and filed within 10 days of the entry of the order from which the appeal is sought or such longer time as the trial court, in its discretion, may order for good cause shown"); *id.* R. 42(a) ("The Court's jurisdiction to hear and determine appeals in civil cases from interlocutory orders of a trial court . . . shall be exercised in accordance with this rule as to certification and acceptance of interlocutory appeals. All time periods under this rule should be calculated under Supreme Court Rule 11."); *see also, e.g.*, *Lampert v. Cannon Square, LLC*, 2025 1203048 (Del. Apr. 25, 2025) (determining that

has not identified a question of *law* as to which the PI Decision conflicts with other decisions. At bottom, BankUnited's contention is that the Court of Chancery erred in its preliminary factual determination that the nonsolicitation provisions at issue are overbroad. That claim can be more appropriately and efficiently addressed after the case is finally resolved by the trial court, and damages are available as a remedy if the defendants breached their obligations. For similar reasons, interlocutory review will not serve considerations of justice. Exceptional circumstances that would merit interlocutory review of the PI Decision do not exist in this case,[8] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

counsel's calculation of the filing deadline under the Court of Chancery's rules instead of the Supreme Court's rules did not establish good cause for untimely filing of application for certification of interlocutory appeal); *D&D Mfg., LLC v. Envirokare Composite Corp.*, 2024 WL 2270612 (Del. May 20, 2024) (refusing interlocutory appeal in which the appellants filed the application for certification more than ten days after the Court of Chancery's ruling, as calculated under the Supreme Court rules).
[8] Del. Supr. Ct. R. 42(b)(ii).